**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2013

No. 12-30584

Lyle W. Cayce
Clerk

JOYCE WHETSTONE,

Plaintiff - Appellant

v.

JEFFERSON PARISH PUBLIC SCHOOL BOARD; KEVIN J. BIANCHINI,
PhD; KAREN ORTENBERG,

Defendants - Appellees

Appeals from the United States District Court for the
Eastern District of Louisiana
USDC No. 2:07-CV-9704

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

The judgment of the district court is affirmed for the reasons given by that
court. After briefing, oral arguments, and review of the relevant parts of the
record, we are convinced that the district court made no reversible error in its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-30584

thorough and well-considered opinions granting summary judgment on behalf of the Jefferson Parish Public School Board and Drs. Kevin Bianchini and Karen Ortenberg.

In order to bring a claim under the Americans with Disabilities Act (ADA), a plaintiff such as Ms. Whetstone must first satisfy certain *prima facie* elements of discrimination. Whetstone has failed to meet her threshold requirements. In particular, she has failed to show (1) that the physical ailments from which she suffered after a student attacked her – neck pain and alleged Post Traumatic Stress Disorder – constitute "disabilities" as that term is defined under the ADA, (2) that being able to teach in one specific location (namely, the classroom where she was attacked) is *not* "essential" to her profession, a finding she must prove in order to be considered a "qualified individual" under the ADA, and (3) that the external manifestations of her injury – neck soreness, coupled with erratic behavior characterized by fear and general agitation – were enough to put the school on notice of her disability. Whetstone's remaining, non-ADA claims – the intentional infliction of emotional distress, due process violations, and disability-based harassment – are not adequately briefed. She has, therefore, waived these issues on appeal. *See Matter of Texas Mortg. Services Corp.*, 761 F.2d 1068, 1073 (5th Cir. 1985) ("Issues not raised or argued in the brief of the appellant may be considered waived and thus will not be noticed or entertained by the court of appeals") (internal quotation marks omitted); FED. R. APP. P. 28(a)(9)(A) ("The appellant's brief must contain . . . [the] appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.").

Whetstone's claims against Drs. Bianchini and Ortenberg also fail. Although she brings an ADA discrimination claim against each doctor, the claims are not cognizable because neither doctor was Whetstone's employer or another kind of ADA "covered entity." *See* 42 U.S.C. § 12111; *see also, Satterfield*

No. 12-30584

*v. Tennessee*, 295 F.3d 611, 618 (6th Cir. 2002) (on similar facts, physician was not agent of plaintiff's employer because doctor did not have control over plaintiff's employment nor did employer delegate such control to doctor). The doctors also cannot be sued for due process violations, since both are private citizens, not state entities, thus no state action is involved. *See Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 924 (1982). Finally, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Whetstone's state law claims against the doctors. *See* 28 U.S.C. § 1367(c)(3) (supplemental jurisdiction is discretionary and a court may decline to exercise it when it "has dismissed all claims over which it has original jurisdiction"); *see also, Miller v. Griffin-Alexander Drilling Co.*, 873 F.2d 809, 814 (5th Cir. 1989) (court refuses to exercise supplemental jurisdiction where defendants to whom dismissal was granted were belatedly added to the action and state law permitted other relief against them).

For the reasons stated above, the judgment of the district court is in all respects

AFFIRMED.